IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMON SHIELDS,

    Petitioner,                     No. CIV S-09-3597 MCE DAD P

    vs.

JAMES WALKER, Warden,         ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's January 6, 2010 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On December 29, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that on March 19, 2008, he received a prison rules violation report for battery on a peace officer. At his disciplinary hearing, prison officials found petitioner guilty of the disciplinary charge and assessed him a one-year security housing unit term and imposed a number of program restrictions on him. Petitioner claims that he was not allowed to adequately defend himself at his disciplinary hearing because, for example, prison officials did not allow him to question requested witnesses and failed to provide him with a complete copy of the incident report prior to the hearing. Petitioner also claims that there was inadequate evidence presented to support the guilty finding. (Pet. at 5.)

## ANALYSIS

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Although petitioner alleges that he was convicted of a prison rules violation for battery on a peace officer, he does not allege that he lost any time credits as a result of that disciplinary conviction. Nor does he allege that expungement of his record could in any way affect or accelerate his release from prison. In fact, petitioner acknowledges in his petition that he is serving a sentence of life imprisonment without the possibility of parole. (Pet. at 7.)

/////

To the extent that petitioner wishes to challenge the procedures used during the disciplinary hearing process, he is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism to pursue such a claim.  See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); see also Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) ("[w]here the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the 'heart' of habeas jurisdiction.").  Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed without prejudice to petitioner's filing of a civil rights action should he so desire.

## CONCLUSION

IT IS HEREBY ORDERED that petitioner's January 25, 2010 application to proceed in forma pauperis (Doc. No. 7) is granted.

IT IS HEREBY RECOMMENDED that:

1.  Petitioner's December 29, 2009 petition for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
shie3597.156