IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REMON SHIELDS,

            Petitioner,                No. CIV S-09-3597 MCE DAD P

    vs.

JAMES WALKER, Warden,

            Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, petitioner seeks to expunge from his record a prison disciplinary conviction based on his allegation that he was found guilty of the violation at a procedurally inadequate hearing.  Specifically, petitioner alleges that during his disciplinary hearing, he was not allowed to question witnesses and was not provided with an incident report.

        On January 29, 2010, the undersigned issued findings and recommendations, recommending that petitioner's application for a writ of habeas corpus be dismissed because the expungement of the disciplinary violation from his record would not affect or accelerate his release from prison.  In this regard, the undersigned explained that petitioner had not alleged that he lost any time credits as a result of the challenged disciplinary conviction.  The undersigned

1

also noted that it appeared that petitioner was, in any event, serving a sentence of life

imprisonment without the possibility of parole.  Accordingly, petitioner was advised that to the

extent that he wished to raise a due process challenge in connection with his disciplinary hearing,

a civil rights action and not a habeas petition was the proper mechanism to pursue such a claim.

On May 25, 2010, petitioner filed objections to the January 29, 2010 findings and

recommendations, arguing therein that the expungement of the disciplinary violation from his

record would accelerate his release from prison.  Specifically, petitioner alleged that the disputed

disciplinary violation did in fact result in a loss of time credits.

In response to petitioner's objections, by order filed June 1, 2010, the undersigned

vacated the January 29, 2010 findings and recommendations and ordered petitioner to file, within

thirty days of the date of the order, an amended application clearly alleging: (1) whether the

prison disciplinary conviction in question resulted in him being deprived of time credits; and (2)

whether he is serving a prison term of life without the possibility of parole.  The thirty day period

has expired, and petitioner has not filed an amended application for a writ of habeas corpus or

otherwise responded to the court's June 1, 2010 order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

without prejudice due to petitioner's failure to comply with the court's order.  See Fed. R. Civ. P.

41.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, petitioner may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that

/////

/////

/////

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: July 12, 2010.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:sj
    shie3597.156(2)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26